# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KHOI VAN LUONG | * | CIVIL NO. 07-1171 |
| VERSUS | * | JUDGE DOHERTY |
| FEDERAL CORRECTIONAL INSTITUTION OAKDALE | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner, Khoi Van Luong, on February 6, 2006 in the United States District Court for the Northern District of California.  The petition was transferred to this court on July 6, 2007.  In his petition, Luong complains that his good time credit has been improperly calculated by the Bureau of Prisons.  Accordingly, petitioner requests that this court order his release from custody.  This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

At the time that this petition was filed, petitioner was in custody of the Bureau of Prisons at the Federal Correctional Center in Oakdale, Louisiana serving a fifteen (15) month sentence imposed following his May 27, 2005 sentencing on convictions for knowingly obstructing, delaying and affecting the movement of articles or commodities in commerce (18 U.S.C. § 1951(a)) and using a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1) entered in the United States District Court for the Northern District of California.

The petition was purportedly filed pursuant to 28 U.S.C. § 2255. [rec. doc. 1].  In response to the petition, the government filed a Motion to Dismiss or in the alternative to Transfer.  In support of its Motion to Dismiss, the government submitted a letter from petitioner to the United States Attorney dated July 17, 2006 in which petitioner in which petitioner states that he "finished" his sentence "through good time conduct on June 28, 2006."  Accordingly, the Motion "will serve no purpose" and for that reason he requests that the Motion be "disregard[ed]." [rec. doc. 2].   In support of its Motion to Transfer, the government argued that because petitioner challenges the manner in which his sentence is being executed, the petition is properly construed as filed under 28 U.S.C. § 2241, for which venue lies in the district of incarceration, not the district which imposed the sentence.  Rather than dismissing the petition, the court granted the government's alternate request, that the case be transferred to the district of petitioner's incarceration. [rec. doc. 4-1].

Research reveals that on September 29, 2006, petitioner was released from custody of the Bureau of prisons. [Court Exhibit 1, printout from the Bureau of Prisons inmate locator, www.bop.gov; copy attached].  This fact is further supported by this court's record which contains correspondence addressed to petitioner at the Federal Correctional Center in Oakdale, all of which were returned to this court marked "Gone" or "Released." [rec. docs. 7, 8 and 9].

Because the petitioner is no longer in custody, his challenge to his former custody based on alleged improper calculation of good time credits is now moot and should be dismissed.  For this reason,

**IT IS RECOMMENDED** that the instant petition be DENIED AND DISMISSED WITH PREJUDICE as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, August 2, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE